Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 621 | **DATE** | 11/6/2003 |
| **CASE TITLE** | Keon Hicks vs. Eugene Mcadory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Hick's Section 2254 petition is denied and this case is dismissed. Status hearing and ruling date of 11/19/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 NOV -6 AM 9:59 FILED DOCKETING | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

KEON HICKS,  )
            )
    Petitioner,  )
            )
v.          )   No. 03 C 621
            )   Paul E. Plunkett, Senior Judge
EUGENE MCADORY,  )
            )
    Respondent.[1]  )

### MEMORANDUM OPINION AND ORDER

Keon Hicks has filed a *pro se* petition pursuant to 28 U.S.C. § 2254 ("section 2254") to set aside his conviction and sentence. For the reasons set forth below, the petition is denied and this case is dismissed.

### Procedural Background

Following a jury trial in 1998, Hicks was convicted of two counts of first degree murder and sentenced to life imprisonment. (Gov't Ex. B, *People v. Hicks*, No. 1-98-2118, slip op. at 1 (Ill. App. Ct. May 30, 2000).) The Illinois Appellate Court affirmed Hicks's conviction on May 30, 2000. (*Id.* at 6.)

---

[1] Eugene McAdory is currently the warden at Menard Correctional Center, where Hicks is incarcerated. Accordingly, McAdory is the proper respondent and we have substituted him as respondent in the caption of this Order. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Hicks then filed a petition for leave to appeal to the Illinois Supreme Court. That court denied Hicks's petition on October 4, 2000. (Gov't Ex. D, *People v. Hicks*, No. 89814 (Ill. Sup. Ct. Oct. 26, 2000) (order denying petition for leave to appeal).)

After the proceedings on his direct appeal were complete, Hicks filed a *pro se* petition for post-conviction relief. That petition was denied on May 2, 2001 by the circuit court, finding that Hicks's petition was frivolous and without merit. (Gov't Ex. E.) Petitioner's appointed counsel on appeal filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), stating that there were no meritorious issues to be raised on review. (Gov't Ex. F.) Petitioner filed a response to the *Finley* motion. (Gov't Ex. G.) Counsel's motion to withdraw was granted by the appellate court on May 6, 2002. The appellate court also affirmed the circuit court's decision. (Gov't Ex. H.)

Hicks filed a petition with the Illinois Supreme Court for leave to appeal. The supreme court denied his petition on October 2, 2002. (Gov't Ex. J, *People v. Hicks*, No. 94215 (Ill. Sup. Ct. Oct. 2, 2002) (order denying petition for leave to appeal).)

## Discussion

In his section 2254 petition, Hicks raises five claims: (1) that he was arrested without probable cause; (2) that his appellate counsel was constitutionally ineffective; (3) that his sentence is unconstitutional; (4) that he was denied a fair trial by the prosecutor's introduction of gang activity evidence; and (5) that his due process rights were violated because the jury was allowed to consider the theory of accountability when determining his guilt.

Hicks's first claim is not cognizable for federal habeas relief. In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that Fourth Amendment claims cannot form the basis for relief in collateral proceedings if a habeas petitioner had an opportunity for full and fair litigation of the claims in state court. *See Hampton v. Wyant*, 296 F.3d 560, 562 (7th Cir. 2002) (discussing the *Stone* decision); *United States ex rel. Faulisi v. Pinkney*, 611 F.2d 176, 178 (7th Cir. 1979) (holding that the *Stone* decision precluded 2254 review of the constitutionality of petitioners' seizure because petitioners had a "full and fair hearing on those matters in the State Courts"). We find that Hicks had such an opportunity and so do not reach the merits of his claim. *See Hampton*, 296 F.3d at 563-64 (discussing what it means to have a full and fair opportunity to litigate). The issue was fully litigated before the trial court during motions to quash the arrest and suppress statements and was raised on appeal and considered by the Illinois Appellate Court. (Gov't Exs. A, B, K.)

We can reach the merits of Hicks's other claims only if he "raised all of [them] during the course of the state proceedings, presenting each claim fully and fairly to the state courts." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "A petitioner presents his claims fully by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Id.* (internal quotation marks and citation omitted). A petitioner presents his claims fairly if he gives the state courts "a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* Both the operative facts and the "controlling legal principles" must be submitted to the state court. *Id.* (internal quotation marks and citation omitted). If a petitioner does not raise his claims in a petition for a discretionary appeal to the state supreme court, he cannot satisfy this requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round

of the State's established appellate review process"). If claims are not fully and fairly presented to the state courts for resolution, they are procedurally defaulted and precluded from federal review. *See Verdin v. O'Leary*, 972 F.2d 1467, 1472-73 (7th Cir. 1992).

In his direct appeal, Hicks raised only his Fourth Amendment claim and so his claims (2), (4) and (5) are procedurally defaulted. He raised claims (4) and (5)[2] in his post-conviction petition, but the circuit court barred those claims under the doctrine of waiver. (Gov't Ex. E at 3.) ("... these claims could have been raised on appeal but were not . . . . Accordingly, these claims are barred by the doctrine of waiver."). Ordinarily, under Illinois law, failure to raise available claims on direct appeal results in forfeiture of those claims for post-conviction review. *See People v. Mack*, 658 N.E.2d 437, 440 (Ill. 1995). A procedural default based on the state's post-conviction waiver doctrine constitutes an independent and adequate state ground that precludes us from reviewing these claims. *See Farmer v. Litscher*, 303 F.3d 840, 846-47 (7th Cir. 2002) (if a state court decision rests on a state procedural ground, a federal court will not review a question of federal law).

Claim (2) suffers the same fate. Hicks did not raise the ineffective assistance of appellate counsel claim in his direct appeal, nor did he raise it in his post-conviction petition or post-conviction appeal. He raised it for the first time in his petition for leave to appeal to the state supreme court. (Gov't Ex. I at 3.) Raising the issue for the first time in a discretionary appeal to the

---

[2] In his petition to this Court, Hicks describes his fifth claim briefly: that he was "denied a fair trial where the evidence failed to show that the Petitioner was truely [sic] involved in the commission of this crime." (Pet. for Writ of Habeas Corpus ¶ III. (1.) (E).) In his reply, he expands on this claim. In essence, his argument is this: he was indicted for first degree murder, which necessarily implies that he was the one who shot the victims. However, because the prosecutor introduced the theory of accountability and explained it to the jurors, the prosecutor essentially lowered the burden of proof necessary to sustain a conviction. Hicks argues that one cannot know on what theory the jurors reached the guilty verdict. We find this argument to be the same as the argument raised by petitioner in his state post-conviction petition.

Illinois Supreme Court does not amount to fair presentment of the claim. *See Verdin*, 972 F.2d at 1479 n.13.

Despite the default, we can still reach the merits of these claims if Hicks can show adequate cause for having failed to raise these claims on appeal and actual prejudice resulting from that failure. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991). Absent such a showing, a defaulted claim is reviewable only if the violation would result in a "fundamental miscarriage of justice." *Rodriquez*, 193 F.3d at 917. Hicks does not argue either cause and prejudice or fundamental miscarriage of justice and so his procedural default precludes our review of these claims. *Id.*

Finding claims (1), (2), (4) and (5) inappropriate for our review, we now address claim (3), that Hicks's sentence is unconstitutional because it violates the Supreme Court's *Apprendi* decision.[3] Hicks presented this claim to the state courts in his post-conviction petition. The circuit court found that *Apprendi* does not apply retroactively on collateral review. Respondent is of the same opinion, saying that we are barred from reaching the merits of this claim because *Apprendi* does not apply retroactively to collateral proceedings. (Answer at 8.) While we agree that the *Apprendi* decision does not apply retroactively to collateral proceedings, *see Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000), Hicks's situation does not fit neatly into that category.

Hicks's petition before us does involve a collateral proceeding. However, the *Apprendi* decision came down on June 26, 2000 – between the time the appellate court affirmed Hicks's conviction and the time Hicks filed his petition for leave to appeal to the state supreme court. On June 26, 2000, Hicks's sentence had not yet become final. *See Stewart v. Lane*, 60 F.3d 296, 300

---

[3] In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

(7th Cir. 1995) (discussing that a "state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed") (internal citations omitted). Because Hicks's sentence became final after the date of the *Apprendi* decision release, that decision informs the constitutionality of Hicks's sentence. *See Dellinger v. Bowen*, 301 F.3d 758, 765 (7th Cir. 2002) ("We recently held that *Apprendi* is not retroactive and thus 'does not disturb sentences that became final before June 26, 2000, the date of its release.'") (citing *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002)). *See also Gaul v. United States*, 2003 WL 21018582, at *1-2 (D. Mass. Apr. 30, 2003) (discussing fact that First Circuit Court of Appeals has found *Apprendi* to apply when *Apprendi* decision came down before judgment became final, even if issue first raised on a collateral attack).

Although we find that the *Apprendi* decision applies to Hicks's sentence, we also find that his sentence does not transgress the rule set forth in that decision. Hicks was sentenced pursuant to 730 ILCS 5/5-8-1, which states:

> a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:
> (1) for first degree murder,
> > (a) a term shall not be less than 20 years and not more than 60 years, or
> > * * *
> > (c) the court shall sentence the defendant to a term of natural life imprisonment when the death penalty is not imposed if the defendant,
> > * * *
> > > (ii) is a person who . . . is found guilty of murdering more than one victim.

730 ILCS 5/5-8-1.

The Illinois Supreme Court has stated that, for purposes of *Apprendi* analysis, the sentencing range for first degree murder is 20 to 60 years' imprisonment; any sentence longer than 60 years requires additional factual findings that must be proven to a jury beyond a reasonable doubt. *People v. Swift*, 781 N.E.2d 292, 300 (Ill. 2002) ("[a]lthough there is statutory authorization for higher sentences to be imposed for this crime, any sentence longer than 60 years requires additional factual findings"). Hicks was convicted by a jury of two counts of first degree murder. The additional findings used to raise his sentence from 60 years to that of life imprisonment (*i.e.*, murdering more than one victim) were proven to a jury beyond a reasonable doubt. Thus, his sentence is consistent with the *Apprendi* decision.

## Conclusion

For the reasons set forth above, Hicks's section 2254 petition is denied and this case is dismissed.

**ENTER:**

UNITED STATES DISTRICT JUDGE

**DATED:** 11-6-03